IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GUILHERME COELHO LOPES      :      CIVIL ACTION
     :
         v.                 :
     :
J. L. JAMISON, et al.       :      NO. 26-234
     :

MEMORANDUM

Bartle, J.                              February 4, 2026

Before the court is the sixth petition filed by a non-citizen for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 that has been presented to the undersigned in the last two months. The petitions are alike, and the results are the same. These petitions are filed due to the illegal actions of Immigration and Customs Enforcement ("ICE"). Despite hundreds of similar rulings in this and other courts resoundingly in favor of the ICE-detainee petitioners, ICE continues to act contrary to law, to spend taxpayer money needlessly, and to waste the scarce resources of the judiciary.

On January 14, 2026, Guilherme Coelho Lopes filed this petition for a writ of habeas corpus. He challenges the lawfulness of his detention at the Philadelphia Federal Detention Center by ICE. The Respondents are: J.L. Jamison, the Warden of the Philadelphia Federal Detention Center; Brian McShane, the acting Director of the Philadelphia Field Office of ICE's Enforcement and Removal Operations; Todd Lyons, the acting

Director of ICE; Kristi Noem, the Secretary of the Department of Homeland Security; Pamela Bondi, the Attorney General of the United States; and the Department of Homeland Security.  All individuals are sued in their official capacities.

Petitioner asks this court to issue a writ of habeas corpus requiring that Respondents release him on his own recognizance or under parole, bond or reasonable conditions of supervision.  In the alternative, he requests a bond hearing pursuant to 8 U.S.C. § 1226(a).  He also asks for a declaration that his mandatory detention is unlawful and that the court set aside recent policies implemented by Respondents that are contrary to the statutory and constitutional rights of non-citizens like him to seek bail through an exercise of Respondents' discretion.

I

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).  As stated by the Supreme Court in Preiser v. Rodriguez, 411 U.S. 475, 484 (1973), "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Id.  Historically, "the writ of habeas corpus

2

has served as a means of reviewing the legality of Executive

detention." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  It is

a core remedy for unlawful executive detention that is regularly

invoked on behalf of noncitizens.  Munaf v. Geren, 553 U.S. 674,

693 (2008); St. Cyr, 533 U.S. at 305.  When reviewing the

legality of executive detention, its protections have been the

strongest.  St. Cyr, 533 U.S. at 301.  Accordingly, a district

court's habeas jurisdiction includes challenges to immigration

detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

II

Petitioner is a citizen of Brazil.  He asserts in his

petition that he opposes the current Brazilian government and as

a result has been the victim of violence in Brazil.

Petitioner entered the United States with his wife and

two children through the southern border on or about December

29, 2023.  After entering without inspection, he and his family

turned themselves into immigration enforcement officers.

Officials from Customs and Border Patrol then detained

Petitioner and his family and charged them with being

inadmissible aliens under 8 U.S.C. § 1182(a)(6)(A)(i).  It

provides that an alien present in the United States without

being previously admitted or paroled is ineligible to be

admitted to the United States.  The Department of Homeland

Security subsequently released Petitioner and his family on

3

parole into the United States presumably under 8 U.S.C. § 1226.
Under § 1226(a), "an alien may be arrested and detained pending
a decision on whether the alien is to be removed from the United
States . . . . [P]ending such a decision, the [alien] . . . may
[be] release[d] . . . on bond . . . or . . . [on] conditional
parole."  8 U.S.C. § 1226(a)(2).  He and his family were
permitted to travel to Philadelphia, Pennsylvania, their final
destination.

          Petitioner and his family members were each issued a
Notice to Appear in Philadelphia pursuant to 8 U.S.C.
§ 1182(a)(6)(A)(i).  The Notices, dated December 30, 2023,
directed them to appear at the Philadelphia Immigration Court
for an initial hearing on October 9, 2025.  They were present at
that hearing and their cases are now waiting for a final hearing
to be scheduled.

           Petitioner has resided in the United States since
December 30, 2023.  Up until his recent detention, he lived in
Philadelphia with his wife and two children.  He works in
construction to support his family.  He maintains that his
children, now ten and four years old, speak English and are
adjusting to their lives in the United States.  The older child
is attending a Philadelphia public school.  The younger child
will start school next year.  Petitioner timely filed an

application for asylum on December 23, 2024.  His application is
based on his fear of persecution in his home country.

On January 14, 2026, Petitioner was attending a check-
in ICE appointment when he was arrested by ICE officers in front
of his wife and children.  He was transferred to the Federal
Detention Center in Philadelphia where he is currently detained.
Once in custody, his detention was continued without an
opportunity to post bond or be released on other conditions.

ICE took the action it did based on its new policy
position that non-citizens residing in the interior of the
United States are subject to 8 U.S.C. § 1225(b)(2)(A)
proceedings.  Section 1225(b)(2)(A) provides: "[I]n the case of
an alien who is an applicant for admission, if the examining
immigration officer determines that an alien seeking admission
is not clearly and beyond a doubt entitled to be admitted, the
alien shall be detained for a [removal] proceeding."  Id.
§ 1225(b)(2)(A).  Those detained pursuant to § 1225(b)(2)(A) are
not entitled to a bond hearing before an immigration judge
during their removal proceedings.  Jennings v. Rodriguez, 583
U.S. 281, 288 (2018).  Respondents take the position that
Petitioner is subject to mandatory detention as a result of the
Board of Immigration Appeals decision in Matter of Yajure
Hurtado, 29 I&N Dec. 216 (BIA 2025).

Petitioner argues that <u>Matter of Yajure Hurtado</u> is contrary to law and that the government has unlawfully determined that he was subject to mandatory detention.  He asserts that § 1225(b)(2)(A) does not apply to individuals like him who are already in the country and are subject to removal proceedings.  Instead, he maintains he is subject to proceedings under 8 U.S.C. § 1226(a).

III

In recent months, district courts throughout the country have addressed the issues raised by Petitioner in this case repeatedly and exhaustively and granted habeas relief.  <u>See</u> <u>Kobilov v. O'Neill</u>, No. 26-58, 2026 WL 73475, at *2 (E.D. Pa. Jan. 8, 2026) (Rufe, J.).  As previously noted, there appears to have been hundreds of decisions overall.  <u>Sharapov v. O'Neill</u>, No. 26-38, 2026 WL 146668, at *2 (E.D. Pa. Jan. 20, 2026).  This figure includes over 100 decisions in the Eastern District of Pennsylvania.  <u>See</u> <u>Arijos Tapuy v. Jamison</u>, No. 26-294, 2026 WL 210287, at *2 (E.D. Pa. Jan. 27, 2026).  In five of these cases, the undersigned previously granted similar habeas petitions.  <u>See</u> <u>Villa Delgado v. Warden of the Fed. Det. Ctr. Phila.</u>, No. 26-158, 2026 WL 242295, at *4 (E.D. Pa. Jan. 29, 2026); <u>Lara Nunez v. McShane</u>, No. 26-40, 2026 WL 184195, at *4 (E.D. Pa. Jan. 22, 2026); <u>Sharapov</u>, 2026 WL 146668, at *4; <u>Garcia-Zamora v. Jamison</u>, No. 25-6656, 2025 WL 3642088, at *4 (E.D. Pa. Dec.

6

16, 2025); Anirudh v. McShane, No. 25-6458, 2025 WL 3527528, at
*6 (E.D. Pa. Dec. 9, 2025).  The court incorporates by reference
its Memoranda in these cases.

     The government invokes the same procedural arguments
here as it did in Anirudh, Garcia-Zamora, Sharapov, Lara Nunez
and Villa Delgado.  It argues that this court lacks jurisdiction
based on 8 U.S.C. §§ 1252(g), 1252(b)(9), and 1252(a)(2)(B)(ii).
As in these cases, the court holds that § 1252 does not oust the
court of jurisdiction.  See Villa Delgado, 2026 WL 242295, at
*2-3; Lara Nunez, 2026 WL 184195, at *2-3; Sharapov, 2026 WL
146668, at *2-3; Garcia-Zamora, 2025 WL 3642088, at *3; Anirudh,
2025 WL 3527528, at *2-4.  Section 1252(g) does not apply
because Petitioner is not challenging the government's
commencement of removal proceedings but rather the legality of
his detention.  See 8 U.S.C. § 1252(g); see also Anirudh, 2025
WL 3527528, at *3.  Section 1252(b)(9) does not bar review of
his claims as it does not bar the court from reviewing issues
collateral to the removal process.  See 8 U.S.C. § 1252(b)(9);
see also Anirudh, 2025 WL 3527528, at *3.  Finally,
Section 1252(a)(2)(B)(ii) does not strip the court of the power
to adjudicate this matter because Petitioner is not challenging
a discretionary decision to deny him bond but rather the
government's legal position that no bond hearing is required.
Anirudh, 2025 WL 3527528, at *3.

Accordingly, for the reasons more fully stated in

Anirudh, the court has jurisdiction.  Anirudh, 2025 WL 3527528,

at *2-4.

IV

The government argues that the petition also fails on

the merits.  As in the hundreds of previous cases, including the

five previously decided by the undersigned, it asserts that

under § 1225(b)(2)(A), Petitioner qualifies as an alien who is

"applicant for admission" and thus subject to mandatory

detention until a removal proceeding for him has concluded.  See

Villa Delgado, 2026 WL 242295, at *3; Lara Nunez, 2026 WL

184195, at *3; Sharapov, 2026 WL 146668, at *3; Garcia-Zamora,

2025 WL 3642088, at *3-4; Anirudh, 2025 WL 3527528, at *4-5.  As

the undersigned has repeatedly said, the government's position

is without merit.

Section 1225(b)(2)(A) proceedings require mandatory

detention while a noncitizen's removal proceedings are pending

and the noncitizen may be released only "for urgent humanitarian

reasons or significant public benefit."  Jennings, 583 U.S. at

288.  To trigger § 1225(b)(2)(A), an examining immigration

officer must determine that the person is: (1) an "applicant for

admission"; (2) "seeking admission"; and (3) "not clearly and

beyond a doubt entitled to be admitted."  8 U.S.C.

§ 1225(b)(2)(A).  These are separate requirements, all of which

must be met for Section 1225(b)(2)(A) to apply.  <u>See</u> <u>Anirudh</u>, 2025 WL 3527528, at *5.

As more fully explained in <u>Anirudh</u>, this court rejects the government's interpretation of § 1225(b)(2)(A) that conflates "applicant for admission" and "seeking admission" under <u>Matter of Yajure Hurtado</u>.  29 I&N Dec. at 222-24; <u>Anirudh</u>, 2025 WL 3527528, at *5; <u>see also</u> <u>Sharapov</u>, 2026 WL 146668, at *3.  This interpretation disregards the plain meaning of Section 1225(b)(2)(A) and violates the rule against surplusage of statutory language.  <u>Anirudh</u>, 2025 WL 3527528, at *5.  The language "seeking admission" in § 1225(b)(2)(A) references only noncitizens who are just arriving or have recently arrived in the country.  <u>Id.</u>

At the time of his arrest in January 2026, Petitioner had been present in this country for over two years and was not at that point "seeking admission," that is seeking "lawful entry," into the United States.  <u>See</u> 8 U.S.C. § 1101(a)(13)(A); <u>Anirudh</u>, 2025 WL 3527528, at *5.  Section 1225(b)(2)(A) is not applicable here.

Section 1226(a), in contrast to Section 1225, establishes a discretionary detention framework for noncitizens already in the country who are arrested and detained "[o]n a warrant issued by the Attorney General."  8 U.S.C. § 1226(a); <u>see also</u> <u>Anirudh</u>, 2025 WL 3527528, at *5.  It allows noncitizens

subject to removal proceedings to be released on conditional parole.  8 U.S.C. § 1226(a)(2)(B); see also Gomes v. Hyde, No. 25-11571, 2025 WL 1869299, at *2 (D. Mass. July 7, 2025).  The framework entitles noncitizens to a bond hearing at the outset of any detention.  See 8 C.F.R. §§ 1003.19(a), 1236.l(d).

Petitioner entered the country on December 29, 2023. He was shortly thereafter apprehended and released a day later on discretionary parole.  Since 2023, he has resided in the country.  The detention of noncitizens like Petitioner who have been long-present in the United States is governed by the discretionary framework of § 1226(a).

Petitioner's detention without the opportunity for a bond hearing violates the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq.  Since his mandatory detention is contrary to this statute, the court need not address his other claims under due process, the bond regulations, or the Administrative Procedure Act, 5 U.S.C. §§ 701 et. seq.

V

The court will issue a writ of habeas corpus requiring that Respondents release Petitioner because his mandatory detention violates the Immigration and Nationality Act.  The court also declares his current detention unlawful.